

14 CV 8180

JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIANGSU GLOBAL DEVELOPMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FORMAN MILLS, INC. and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.<br><br>COMPLAINT AND JURY DEMAND<br><br>ECF CASE |

Plaintiff Jiangsu Global Development (hereinafter "Plaintiff" or "Jiangsu"), by its attorneys, STERN & SCHURIN LLP, as and for its Complaint against Defendants Forman Mills, Inc., and John Does 1-10 (hereinafter "Forman Mills" or collectively "Defendants"), alleges as follows:

### NATURE OF ACTION

1.      This is an infringement action against those who have advertised, distributed and sold unauthorized TRUE ENVY® jackets and apparel. To put an end to this unlawful conduct, and to recover damages caused by it, Plaintiff now brings this action for injunctive and monetary relief for trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114); trademark counterfeiting (15 U.S.C. § 1114); false description and false designation or origin in commerce in violation of Section 43 of the Lanham Act (15 U.S.C. § 1125); Section 349 of the New York General Business Law and violations of the common law.

## PARTIES

2. Plaintiff is a Delaware corporation with a principal place of business located at 212 West 35th Street, New York. N.Y. 10123. Plaintiff is the owner of the TRUE ENVY® registered trademark.

3. Upon information and belief, Defendant Forman Mills is a Delaware Corporation with a principal place of business located at 1070 Thomas Busch Memorial Highway, Pennsauken, N.J. 08110.

4. Forman Mills owns and operates multiple retail, big box warehouse-style stores located in New York, New Jersey, Pennsylvania, Delaware, Maryland and Michigan.

5. Upon information and belief, Defendants John Does 1-10 are other entities involved in the advertising, distribution and sale of unauthorized TRUE ENVY® jackets whose identities are presently unknown. Once Plaintiff is made aware of the identities of John Does 1-10 during the course of discovery or otherwise, Plaintiff intends to name them in this action.

## JURISDICTION AND VENUE

6. The Court has personal jurisdiction over Defendant Forman Mills since Forman Mills owns and operates a retail location within New York and in this judicial district.

7. Forman Mills owns and operates a retail store located 3036 Third Avenue, Bronx N.Y. 10455 where infringing garments were advertised and sold.

8. Forman Mills owns and operates an interactive website which advertised and offered the subject garments for sale to the public.

9. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121(a), 1331, 1338 and 1367 and general principals of ancillary and pendent jurisdiction.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## FACTUAL ALLEGATIONS

11. Since May of 2008, Plaintiff has designed, manufactured, advertised and sold high quality women's apparel under the trademark TRUE ENVY®.

12. During this time, the TRUE ENVY® brand has achieved a significant amount of commercial success and notoriety, especially in the category of ladies sportswear and in particular jackets.

13. All authentic TRUE ENVY® apparel products are designed and manufactured by Plaintiff and/or under Plaintiff's direct supervision.

14. Plaintiff is the owner of the TRUE ENVY® trademark, which mark is registered on the Principal Register of the United States Patent and Trademark Office on February 17, 2009 as U.S. Registration No. 3,577,734.

15. U.S. Registration No. 3,577,734 for the mark TRUE ENVY® identifies the protected goods as ladies sportswear, namely jackets, pants, skirts, blouses, shirts, shorts, dresses, sweaters and T-shirts.

16. Plaintiff has used and is currently using the TRUE ENVY® trademark in United States commerce and in connection with its sale of ladies sportswear, and plans to continue such use in the future.

17. In the last five years, substantial sums of money have been spent advertising and promoting TRUE ENVY® in certain channels of trade, and Plaintiff displays the TRUE ENVY® trademark on hangtags and advertising and promotional materials.

18. As a result of extensive advertising and marketing efforts over the years, sales of TRUE ENVY® clothing have increased at a substantial rate. Since 2008, millions of dollars of TRUE ENVY® clothing have been sold to thousands of consumers.

19. As a result of Plaintiff's substantial sales, advertising and marketing, apparel sold under the TRUE ENVY® brand has become well known and recognized by the public and in the trade as originating from a single source, namely, Plaintiff.

20. The TRUE ENVY® trademark symbolizes the business goodwill of Plaintiff and is an invaluable asset of Plaintiff.

21. One way in which Plaintiff protects the goodwill of its business and maintains its reputation is by selling TRUE ENVY® apparel exclusively to merchants that maintain designated price points. In that regard, Plaintiff also supports its customers by doing all it can to ensure that the manufacturer retail price for TRUE ENVY® apparel is not undercut and maintains its price stability and strength.

22. However, in September 2014, one of Plaintiffs' customers alerted Plaintiff to the fact that TRUE ENVY® labeled goods were being sold by Forman Mills at prices well below the typical retail price for TRUE ENVY® apparel.

23. Forman Mills is a wholesale discount store that sold unauthorized TRUE ENVY® labeled goods at prices well below those typically offered by Plaintiff's customers. Photographs of unauthorized jackets all sold by Forman Mills and the corresponding hangtag showing a price at $9.99 are shown below:





24.     Plaintiff has never sold any TRUE ENVY® goods to Forman Mills, and Forman Mills has never purchased any TRUE ENVY® goods from Plaintiff.

25.     The apparel that Forman Mills is advertising and selling is unauthorized, and were not distributed by Plaintiff.

5

## COUNT I
## (FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING)

26. Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

27. In violation of 15 U.S.C. § 1114(1)(a) and 18 U.S.C. § 2320, Defendants used in commerce without Plaintiffs' consent the identical TRUE ENVY® registered mark in connection with the sale, offering for sale, distribution and/or advertising of clothing garments of the same type sold by Plaintuff, which use is likely to cause confusion or to cause mistake, and to deceive.

28. Defendants' actions constitute infringement of Plaintiffs' exclusive rights in the registered TRUE ENVY® mark.

29. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered harm to the valuable TRUE ENVY® mark.

30. Unless Defendants are restrained from further infringement, Plaintiff will continue to be harmed.

31. Defendants have engaged and continue to engage in these activities knowingly and willfully.

32. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants acts are allowed to continue.

33. Plaintiff has been damaged by the acts of Defendants in an amount as yet unknown, but on information and belief, has caused damage or will cause damage to Plaintiff in excess of one million dollars ($1,000,000).

## COUNT II
### (FALSE DESCRIPTION AND DESIGNATION OF ORIGIN IN COMMERCE)

34. Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

35. In violation of 15 U.S.C. §1125(a), Defendants used in commerce without Plaintiff's consent the TRUE ENVY® mark in connection with the sale, offering for sale, distribution and/or advertising of clothing garments, which use is likely to cause confusion or to cause mistake, or to deceive.

36. Defendants' actions constitute infringement of Plaintiffs' exclusive rights in the TRUE ENVY® mark.

37. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered harm to the valuable TRUE ENVY mark.

38. Unless Defendants are restrained from further infringement, Plaintiff will continue to be harmed.

39. Defendants have engaged and continue to engage in these activities knowingly and willfully.

40. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants acts are allowed to continue.

41. Plaintiff has been damaged by the acts of Defendants in an amount as yet unknown, but on information and belief, has caused damage or will cause damage to Plaintiff in excess of one million dollars ($1,000,000).

## COUNT III
## (NEW YORK DECEPTIVE BUSINESS PRACTICES)

42. Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

43. In violation of New York General Business Law §349, Defendants used in commerce without Plaintiffs' consent the TRUE ENVY® mark in connection with the sale, offering for sale, distribution and/or advertising of apparel.

44. Defendants conduct is deceptive to ordinary members of the public and harmful to the public interest.

45. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered harm to the valuable TRUE ENVY® mark and to its sales. Unless Defendants are restrained from further infringement, Plaintiff will continue to be harmed.

46. Defendants' acts of unfair competition have caused Plaintiff to suffer monetary damage loss and injury,

47. Defendants have engaged and continue to engage in these activities knowingly and willfully.

48. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants acts are allowed to continue.

49. Plaintiff has been damaged by the acts of Defendants in an amount as yet unknown, but on information and belief, has caused damage or will cause damage to Plaintiff in excess of one million dollars ($1,000,000)

## COUNT IV
### (COMMON LAW UNFAIR COMPETITION, DISPARAGEMENT AND MISAPPROPRIATION)

50. Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

51. Defendants' unlawful and improper actions as set forth above misappropriate, disparage and trade upon the fine reputation and goodwill of Plaintiff, thereby injuring that reputation and goodwill.

52. By Defendants' unlawful and improper actions, including without limitation their advertising and publication activities, Defendants have disparaged Plaintiff's goods, apparel and/or services.

53. Moreover, by virtue of Defendants' actions, including without limitation their advertising and publication activities, consumers now see Plaintiff's apparel products in a disparaging and negative light.

54. Defendants' unlawful and improper actions further unjustly divert from Plaintiff to Defendants the benefits rightfully belong to Plaintiff.

55. Defendants' unlawful activities constitute unfair competition, disparagement, false advertising and misappropriation as proscribed by the common law.

56. Defendants' acts of unfair competition, false advertising, disparagement and misappropriation have caused Plaintiff to sustain monetary damage, loss and injury.

57. Defendants have engaged and continue to engage in these activities knowingly and willfully.

58. Defendants' acts of unfair competition false advertising, disparagement and misappropriation, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury.

59. Plaintiff has no adequate remedy at law.

60. Plaintiff has been damaged by the acts of Defendants in an amount as yet unknown, but on information and belief, has caused damage or will cause damage to Plaintiff in excess of one million dollars ($1,000,000).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. That Defendants be held liable for counterfeiting and infringement of the TRUE ENVY® mark;

B. That Defendants be held liable for false designation of origin and false descriptions; deceptive trade practices; unfairly competing; misappropriating and false advertising and other wrongful activities in connection with their sale and advertising of products;

C. That Defendants, their agents, servants, related companies, and all parties in privity with them, or any one of them, be enjoined preliminarily and permanently from counterfeiting and infringing Plaintiff's trademark rights in the mark TRUE ENVY®;

D. That Defendants, their agents, servants, related companies, and all parties in privity with them, or any one of them, be enjoined preliminarily and permanently from committing any further acts that constitute false designation of origin and false

descriptions; deceptive trade practices; unfair competition; misappropriation and false advertising;

E. Ordering that all infringing material be turned over, seized, impounded and/or destroyed;

F. That Defendants be required to pay Plaintiff statutory damages or such damages as Plaintiff has sustained as a consequence of Defendants' infringements and to account for all gains, profits and advantages derived by Defendants from said infringements, and that such award for damages be trebled due to the willful and wanton nature thereof;

G. That Defendants pay Plaintiff for the costs of this action and for Plaintiff's reasonable attorney's fees, as the Court may allow; and

H. That Plaintiff be granted such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,
**STERN & SCHURIN LLP**

By: *[signature]*

Steven Stern
sstern@sternschurin.com
Richard Schurin
rschurin@sternschurin.com

410 E. Jericho Turnpike
Mineola, NY 11501
Telephone: (516) 248-0300
Facsimile: (516) 283-0277

*Attorneys for Plaintiff*

Dated: October 13, 2014
Mineola, New York